Linda Ross 085563
**Law Offices of Linda Ross**
2204 Union Street
San Francisco, CA 94123
Telephone (415) 563-2400
Facsimile   (415) 931-9981

Scott Kalkin 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, CA 94104
Telephone (415) 732-0282
Facsimile   (415) 732-0287

Attorneys for Marily English

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Marily English, | ACTION NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| AM Resorts, AM Resorts LLP, ALG Vacations Corporation, Apple Vacations LLC, Apple Leisure Group and Secrets Resorts and Spas Montego Bay, | Demand For Jury Trial |
| Defendants. | |

## JURISDICTION

1. This action for monetary relief is a civil action of which this Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a)(3).

## VENUE

2. Venue lies in the Northern District of California because, pursuant to 28 U.S.C. § 1391(a)(2), a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action is properly assigned to the division in San Jose pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of Monterey, the location where a substantial portion of the events relating to the instant lawsuit occurred.

## PARTIES

4. At all relevant times, plaintiff Marily English was, and is, a resident of the County of Monterey, State of California.

5. Plaintiff is informed and believes that at all relevant times, Defendant AM Resorts (hereafter, "AMR") is a corporation organized and existing under the laws of Pennsylvania and has its principal place of business in that state.

6. Plaintiff is informed and believes that at all relevant times, Defendant AM Resorts LLP, is a limited liability partnership organized and existing under the laws of Pennsylvania and has its principal place of business in that state.

7. Plaintiff is informed and believes that at all relevant times, Defendant ALG Vacations Corporation and is a corporation organized and existing under the laws of Pennsylvania and has its principal place of business in that state and is owned by Defendant AMR.

8. Plaintiff is informed and believes that at all relevant times, Defendant Apple Vacations is a business entity, form unknown, organized and existing under the laws of Pennsylvania, and is owned by Defendant ALG Vacations Corporation.

9. Plaintiff is informed and believes that at all relevant times, Defendant Apple Vacations LLC is a limited liability company, organized and existing under the laws of Pennsylvania, and is owned by Defendant AM Resorts LLP.

10. Plaintiff is informed and believes that at all relevant times, defendant Apple Leisure Group, is a business entity, form unknown, organized and existing under the laws of Pennsylvania, and is owned by Defendants Apple Vacations and Apple Vacations LLC.

11. Plaintiff is informed and believes that at all relevant times, defendant Secrets Resorts and Spas Montego Bay (hereafter, "Secrets") is a business entity, form unknown, owned by Defendant Apple Leisure Group and each of the other defendants.

**FIRST CAUSE OF ACTION**
(Negligence against all Defendants)

12. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 11, inclusive, of this complaint.

13. Plaintiff MARILY ENGLISH ("Plaintiff") is, and at all time material hereto was, a resident of Monterey County located in the State of California.

14. At all times herein mentioned, the Defendants, and each of them, owned, operated, maintained, and controlled the premises known as Secrets Resorts and Spas Bay.

15. Plaintiff is informed and believes, and on that basis alleges, that all times material hereto, that each of the Defendants, were innkeepers and the agents, servants, employees, partners, joint venturers, franchisees, parent companies, subsidiaries, and/or alter egos of every other Defendant, and in committing the acts and omissions hereinafter alleged were conducting themselves within the purpose and scope of said agency, employment, partnership, joint venture, franchise, parent/subsidiary relationship, and/or alter ego. Further, the acts of each and every Defendant, were ratified and confirmed by each and every other Defendant.

16. Plaintiff is informed and thereon alleges that each of the Defendants is responsible for the damages caused to plaintiff.

17. The true names and capacities, whether individual, corporate, associate, or otherwise of any additional responsible parties, if any, are presently unknown to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of these additional responsible parties, if any, is responsible in some manner for the occurrences hereinafter alleged, and that

Plaintiff's damages as hereinafter set forth were proximately caused by said persons and/or entities.

18. On March 24, 2018, Plaintiff was a guest at Defendants' property Secrets Resorts and Spas Montego Bay and suffered permanent and severe injury to various parts of her body when she slipped and fell due to water leaking from a faulty shower door in her guest room bathroom.

19. At the aforementioned time and place, Defendants, and each of them, who were the owners, lessors, operators, controllers, maintainers, and/or managers of the premises referenced above, negligently maintained, managed, controlled, owned, leased, supervised, and/or operated the real property, in that, among other things, they failed to exercise due care in the ownership, control, occupation, construction, operation, management, and/or maintenance of the subject premises so as to insure that their invitees, guests and visitors, including Plaintiff, were not subject to any unreasonable risk of harm when on the premises.

20. Defendants, and each of them, knew or in the exercise of reasonable care should have known, that improperly maintaining said shower constituted a dangerous condition and created an unreasonable risk of harm of which Plaintiff was at all relevant times unaware. Defendants, and each of them, negligently failed to take steps to either make the condition safe or warn Plaintiff of the dangerous condition, all of which caused Plaintiff personal injuries and damages as hereinafter alleged.

21. As a proximate result of each and all of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff was hurt and inured in her health, strength, and activity, and sustaining injury to her body and injury to her nervous system and person, all of which said injuries have caused, and continue to cause, Plaintiff great mental, physical pain and suffering.

22. As a further proximate cause of said conduct of the Defendants, and each of them, Plaintiff was required to and did employ medical providers to examine, treat and care for her and did incur medical and incidental expenses. Plaintiff is informed and

believes and based on thereon alleges that there will be additional medical and incidental expenses in the future.

23. As a further proximate cause of said conduct of the Defendants, and each of them, Plaintiff was prevented from attending to her usual occupation and thereby lost wages, all to her further damage. Plaintiff is informed and believes and based thereon alleges that she will thereby be further prevented from attending to her occupation in the future and will sustain future loss of income.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as follows:

1. For general damages;
2. For special damages according to proof;
3. For medical and related expenses according to proof;
4. For pre and post-judgment interest as provided by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

Pursuant to FRCP 38(b) and Local Rule 3-6 Plaintiff hereby demands a jury trial.

**LAW OFFICES OF LINDA ROSS**

Dated: March 23, 2020           By:    /s
                                Linda Ross
                                Attorneys for Plaintiff