UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILY ENGLISH,<br><br>    Plaintiff,<br><br>v.<br><br>AM RESORTS, et al.,<br><br>    Defendants. | Case No. 20-cv-02034-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 41 |

Now before the Court for consideration is the motion to dismiss, motion for more definite statement, or motion to transfer venue submitted by Defendants AMResorts, L.P., and ALG Vacations Corp. ("Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for March 19, 2021. For the following reasons, the Court GRANTS Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff Marily English ("Plaintiff") brings this negligence action to recover damages resulting from an alleged slip and fall that occurred while she was a guest at Secrets Resorts and Spas Montego Bay (the "Resort") in 2018. (First Amended Complaint ("FAC") ¶ 26.) Plaintiff alleges that Defendants owned and maintained the Resort. (*Id.* ¶¶ 12, 15.) Plaintiff alleges that during a previous stay at the Resort in 2016, hotel management offered her a gift certificate for a subsequent stay. (*Id.* ¶ 21.) The hotel manager gave Plaintiff a business card, which included the email address for the manager at the Resort and the URL www.amresorts.com. (*Id.*) Plaintiff alleges that she subsequently emailed the Resort from her home in California to apply her gift certificate to reserve a future stay. (*Id.* ¶¶ 22-23.) During that stay at the Resort, Plaintiff suffered

the alleged injuries from which this lawsuit arises. (*Id.* ¶ 26.) Defendants now move to dismiss Plaintiff's first amended complaint for lack of personal jurisdiction.

## ANALYSIS

### A.     Applicable Legal Standard.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), which governs dismissal for lack of personal jurisdiction. It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Courts may consider evidence presented in affidavits to assist in its determination and may order discovery on jurisdictional issues. *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However, when "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss . . . That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801.

The exercise of personal jurisdiction over a defendant comports with the Due Process Clause where the defendant has sufficient "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice."

2

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945).  The "strength of contacts" required to meet this standard depends on whether the plaintiff is seeking to invoke specific jurisdiction or general jurisdiction.  *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

General jurisdiction exists when a party's "affiliations with the [forum] State are so 'continuous and systematic' as to render [the party] essentially at home in the forum State." *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).  For corporations, the "paradigm forum for the exercise of general jurisdiction is ... one in which the corporation is fairly regarded as at home," *e.g.,* the state of incorporation or principal place of business.  *Goodyear*, 564 U.S. at 924.  In contrast, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 919 (internal quotations and citations omitted).

**B.     The Court Does Not Have Personal Jurisdiction Over Defendants.**

**1.     The Court Does Not Have General Jurisdiction Over Defendants.**

Plaintiff does not dispute that none of the moving Defendants are located in California and concedes that because the Defendants are not "at home" in California, the Court may not exercise general jurisdiction over them.  (*See* FAC ¶¶ 5-11 (alleging that Defendants are citizens of Pennsylvania); *see also* Opp. at 4.)

**2.     Plaintiff Has Not Shown the Court Has Specific Jurisdiction Over Defendants.**

Plaintiff argues that the Court has specific jurisdiction over Defendants based on their "electronic contacts" with California.  Defendants contend that the Court may not exercise specific jurisdiction over them in California because the existence of a website is insufficient to establish the minimum contacts required for specific jurisdiction.

Specific jurisdiction over a nonresident defendant exists where: (1) the defendant has purposefully directed its activities at the forum state or has purposefully availed itself of the privileges of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair.  *Schwarzenegger*, 374 F.3d at 802.  "The plaintiff bears the burden of satisfying the first two prongs of the test.  If

3

the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (internal quotations and citations omitted). The Court concludes that Plaintiff fails to meet her burden on the first prong of this test.

Plaintiff argues that certain uses of the internet may subject a nonresident to personal jurisdiction. Plaintiff asserts that the Court may exercise specific jurisdiction over Defendants in this case because Plaintiff accepted the Resort's offer to reserve a subsequent trip via the internet from her home in California. Specifically, Plaintiff alleges that she sent the Resort an e-mail from her residence in Salinas, California "in order to accept it's offer […] to reserve her accommodations." (FAC ¶ 22-23.) She also alleges that while at the Resort, she received a letter detailing information about AMResorts and directing her to visit AMResorts.com for additional details. (*Id.* ¶ 25.)

In the internet context, the Ninth Circuit uses a sliding scale analysis "that looks to how interactive an Internet website is for purposes of determining its jurisdictional effect." *Boschetto v. Hansing*, 539 F.3d 1011, 1018 (9th Cir. 2008). "Personal jurisdiction is appropriate where an entity is conducting business over the internet and has offered for sale and sold its products to forum residents." *Gucci Am., Inc.*, v. *Wang Huoqing*, C-09-05969 CRB, 2011 WL 31191, at *6 (N.D. Cal. Jan. 3, 2011) (internal citation omitted).

Plaintiff has not provided information or allegations regarding the interactive nature of Defendants' website, nor does she allege that she used or visited Defendants' website. Apart from the website, Plaintiff does not allege any contacts Defendants have with California. The mere fact that Defendants have a website, which can be viewed by residents in California, is insufficient to establish the necessary minimum contacts for specific personal jurisdiction. *Protrade Sports, Inc. v. Nextrade Holdings, Inc.*, No. C05-04039 MJJ, 2006 WL 269951, at *3 (N.D. Cal. Feb. 2, 2006) (citing *Schwarzenegger*, 374 F.3d at 801-802); *see also Summers v. Starwood Hotels*, No. CV-1110607-GAF-MANx, 2013 WL 12113227, at *7 (C.D. Cal. Feb. 27, 2013) (no personal

jurisdiction where the hotel website was the only contact plaintiff alleged the defendants had with California); *Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*, No. CV08-3226 AHM PLAX, 2008 WL 5412431, at *4 (C.D. Cal. Dec. 29, 2008) ("The mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific jurisdiction over Defendant."). Accordingly, Plaintiff has not established that Defendants' online presence was directed toward California such that this Court's exercise of specific jurisdiction over Defendants would be proper. The Court need not address the other elements of the specific jurisdiction test.

Because the Court finds its lacks jurisdiction over Defendants, it must determine whether to dismiss or transfer the action. *See* 28 U.S.C. § 1631. As an alternative to dismissal, Defendants seek to transfer this action pursuant to 28 U.S.C. section 1631 ("Section 1631") to Pennsylvania, where Defendants reside. Section 1631 states that a court "shall, if it is in the interest of justice," transfer an "action" upon determining that there is "a want of jurisdiction." *Id*. Here, the Court concludes that the interests of justice favor dismissal, not transfer. Plaintiff opposes transfer and concedes that the accident giving rise to the claims occurred in Jamaica, not Pennsylvania. Additionally, it is unclear from the FAC that the Resort Defendant would be subject to jurisdiction in Pennsylvania. Accordingly, the Court declines to transfer this action.

//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the moving Defendants' motion to dismiss for lack of personal jurisdiction.  Defendants' motion for a more definite statement is DENIED AS MOOT.  Defendants AMResorts, L.P., and ALG Vacations Corp., designated as Apple Leisure Group, AMResorts LLC, ALG Vacations Corporation, and Apple Vacations, LLC, shall be dismissed.

Additionally, Plaintiff filed the complaint in this action on March 23, 2020, and the summons was issued on April 1, 2020, but it does not appear that Plaintiff has served Defendant Secrets Resorts and Spas Montego Bay.  Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed without prejudice for failure to prosecute as to the sole remaining Defendant, Secrets Resorts and Spas Montego Bay.  Plaintiff's response is due by no later than March 15, 2021.

**IT IS SO ORDERED.**

Dated: March 1, 2021

_____
JEFFREY S. WHITE
United States District Judge